# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-20044-CR-BLOOM/LOUIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**DELARNCE JAMES HOPE,**

    **Defendant.**

_____/

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on February 10, 2020, a hearing was held to determine whether defendant **DELARNCE JAMES HOPE** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Therefore, it is hereby ordered that defendant **DELARNCE JAMES HOPE** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged by indictment in the Southern District of Florida with possession of a firearm by a convicted felon in violation of Title 18, United States Code, Section 922(g)(1).

2. The weight of the evidence against the defendant is substantial. The government has proffered that on December 2, 2019, the City of Miami Police Department received a telephone call about an incident involving domestic violence. A police officer drove to the residence where the incident had been reported. The police officer observed the defendant walk out of the

residence carrying a black bag. The police officer ordered the defendant to put the bag down and placed the defendant in the back seat of the police car. The victim told the police officer that the defendant had strangled her and that the defendant had recently been released from prison. The officer observed the butt of a firearm, later determined to be an assault rifle, sticking out of the bag the defendant had been carrying. The defendant acknowledged he should not have the firearm and told the police officer that the defendant was holding the firearm for a friend. The defendant has previously been convicted of a felony.

     3. The pertinent history and characteristics of the defendant support pretrial detention. The defendant was born on February 9, 1984 in Miami, Florida. The defendant has an extensive criminal record including arrests for battery, possession of marijuana and distribution of marijuana. The defendant had completed a term of imprisonment for carrying a concealed firearm and less than two months later was involved in the instant offense. Title 18, United States Code, Section 3142(g)(3)(A).

     4. The Court specifically finds by clear and convincing evidence, there are no conditions or combinations of conditions which will reasonably assure the safety of other persons and the community. The defendant was accused of strangling the victim and has previously been convicted of carrying a concealed firearm and less than two months after being released was found with an assault rifle. Based on these facts and the defendant's criminal history, the defendant will likely continue to possess firearms and be a danger to the community if released on bond for the instant offense. Based on the nature of the instant offense and the defendant's criminal history, the Court has concluded that this defendant presents a danger to other persons and the community.

The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Miami, Florida, this **10th** day of February, 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE