UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-MJ-2144-REID

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**EDWARD WALKER,**

    **Defendant.**
_____/

## **DETENTION ORDER**

Pursuant to 18 U.S.C. § 3142(f), on February 10, 2020, a hearing was held to determine whether defendant **EDWARD WALKER** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required. Therefore, it is hereby ordered that the defendant **EDWARD WALKER** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged by criminal complaint in the Southern District of Florida with sex trafficking of a minor by force, fraud or coercion in violation of Title 18, United States Code, Section 1591(a)(1).

2. The weight of the evidence against the defendant is substantial. The government has proffered that on January 27, 2020, law enforcement officers

encountered an online advertisement posted on January 25, 2020 indicating that the woman in the advertisement was in the area and willing to meet up with people. An undercover agent ("UC") texted the telephone number listed in the advertisement and a woman ("Victim 1") set up a date with the UC for $300 an hour. The UC met Victim 1 at a hotel.

Victim 1 told law enforcement officers that the defendant forced Victim 1, another woman and a minor female ("Minor") to walk on South Beach in order to solicit customers for prostitution. Victim 1 further told law enforcement officers that at some point, Victim 1 received a telephone call from the other woman who told Victim 1 that she and the Minor had met men who were interested in going on a date onboard a yacht with the three of them. While on the yacht, Victim 1 observed the minor go to the lower area of the yacht to have sex with one of the men. The men paid for the sex and the minor gave the money to the defendant.

Victim 1 told law enforcement officers that the defendant had threatened to punch the minor if she did not earn more money from prostitution.

Law enforcement officers were able to corroborate different hotel rooms rented by the defendant with online advertisements for dates.

3. The pertinent history and characteristics of the defendant support pretrial detention. The defendant was born on March 12, 1973 in Norwalk, Connecticut. The defendant does not have ties to the Southern District of Florida other than a relative who lives in Ft. Lauderdale, Florida.

4. Based on the defendant's lack of ties to the Southern District of Florida, the undersigned believes that the defendant would not appear if released on bond. The Court specifically finds, by a preponderance of the evidence, that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required.

The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Miami, Florida, this **10th** day of February, 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE